**IN THE COURT OF APPEALS OF IOWA**

No. 16-1492
Filed March 22, 2017

**KARLEE KAY HINES,**
        Plaintiff-Appellant,

**vs.**

**CARLOS NEWBORN,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

Karlee Hines appeals, claiming the court abused its discretion in failing to award past child support and attorney fees. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Richard R. Schmidt of Spaulding, Berg & Schmidt, P.L.C., Des Moines, for appellant.

Carlos D. Newborn, Des Moines, appellee pro se.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Karlee Hines and Carlos Newborn are the parents of a child, born in 2015. Hines filed a petition to establish paternity, custody, visitation, and support. Following trial, at which Newborn represented himself, the district court granted Hines physical care of the child subject to visitation with Newborn and ordered Newborn to pay child support of "$523.30 per month payable on the 1st day of every month, beginning on September 1, 2016." The court declined Hines' request to have Newborn pay her trial attorney fees.

On appeal, Hines contends the district court (1) "abused its discretion in failing to award past child support" and (2) "abused its discretion in failing to award attorney fees." She also seeks appellate attorney fees. Newborn did not file a responsive brief.

***I. Retroactive Child Support.*** Iowa Code section 600B.25(1) (2016) states a "court may order the father to pay amounts the court deems appropriate for the past support and maintenance of the child." "This standard permits the court to consider all the surrounding facts and circumstances to determine the amount in light of the purpose of child support and the duty of a parent to pay child support." *Markey v. Carney*, 705 N.W.2d 13, 24 (Iowa 2005). One of the circumstances for consideration is "the amount of support that would have been paid under the guidelines if no delay had occurred." *Id.* Another is a parent's "present personal financial circumstances" and "ability to pay back support." *Id.*

The district court stated the "facts and circumstances" did not militate in favor of a retroactive child support award. On our de novo review, we disagree.

*See id.* at 19 ("Generally, in paternity actions, we review issues 'ancillary to the question of paternity, such as support,' de novo." (citation omitted)).

Hines calculated the retroactive child support she believed was owing based on Newborn's income at the time of trial, which was greater than his earnings prior to trial. As of trial, Newborn was earning $16.83 per hour plus commissions at a full-time job, which translated into annual income of $35,000. He paid minimal child support of $78 per month for another child and had sufficient excess income to engage in costly recreational pursuits.

We are persuaded Newborn possessed the financial wherewithal to make retroactive child support payments for this child. We reverse the district court's refusal to order retroactive child support. We remand for entry of an order requiring Newborn to pay a total of $2000 in retroactive child support at the rate of $50 per month beginning on the first of the month following entry of the remand order.

**II. Trial Attorney Fees.** Iowa Code section 600B.25(1) states a district court "may award the prevailing party the reasonable costs of suit, including but not limited to reasonable attorney fees." Hines asserts the district court should have ordered Newborn to pay her trial attorney fees. She points to his "significantly higher income," the child's needs, and "the additional attorney fees [she] incurred . . . due to [his] actions." Our review is for an abuse of discretion. *Id.* at 25.

Newborn's financial circumstances as described above did not support an attorney fee award. As for the contention that he unduly lengthened the proceedings, the only issue he conceded at trial was the issue of physical care;

visitation and child support remained contested. As a self-represented litigant, Newborn did a commendable job of questioning witnesses and did not unduly prolong the proceedings. Based on this record, we discern no abuse of discretion in the district court's denial of Hines' request to have Newborn pay her trial attorney fees.

***III. Appellate Attorney Fees.*** Hines seeks an award of appellate attorney fees. An award lies in our discretion. *See id.* Because Hines prevailed on the retroactive child support issue, we order Newborn to pay $1000 toward Hines' appellate attorney fee obligation.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**